## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

I-KIEM SMITH,                      :

          Plaintiff,      :

                 :      Civil Action No. 3:13-CV-771

          v.         :

                 :      (Judge Kosik)

NICK WILSON,                      :

          Defendant.      :

                 :

**FILED**
**SCRANTON**

SEP 1 5 2014

PER _____
DEPUTY CLERK

### MEMORANDUM

Before this court are Plaintiff's Objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson. For the reasons which follow, the Court will adopt in part, and decline to adopt in part, the R&R of the Magistrate Judge. Plaintiff's motion for summary judgment and Defendant's cross motion for summary judgment will be denied.

### I. BACKGROUND

Plaintiff brought this claim *pro se*, pursuant to 42 U.S.C. § 1983, on March 26, 2013 (Doc. 1). Plaintiff claims that Defendant retaliated against him after Plaintiff lodged a verbal complaint against the Defendant, on December 27, 2012. Plaintiff claims that in retaliation, Defendant filed three misconduct reports in January and February 2013, and withheld 15 or 16 meals in a 27 day period, in violation of the Eighth Amendment.

On January 6, 2014, Plaintiff filed a Motion for Summary Judgment (Doc. 27), and subsequently filed supporting documents (Docs. 35-37). On January 13, 2014, Defendant filed a cross motion for summary judgment (Doc. 32), and subsequently filed supporting documents

(Docs. 44, 45). Defendant also filed a response to Plaintiff's motion for summary judgment by filing statement of facts (Doc. 47) and a brief in opposition (Doc. 48), on February 20, 2014.

The Magistrate Judge issued an R&R on June 26, 2014 (Doc. 52), recommending that Plaintiff's motion for summary judgment be denied and that Defendant's cross motion for summary judgment be granted with respect to Plaintiff's retaliation claims arising out of misconduct reports written by the Defendant, and denied in all other respects. On July 11, 2014, Plaintiff filed Objections to the Magistrate Judge's R&R (Doc. 55) and a brief in support of his objections (Doc. 56). Defendant did not object to the R&R, or respond to Plaintiff's objections.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Anderson, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes

demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). When the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." <u>Id.</u> at 325. After the moving party has met its initial burden, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). It then follows that summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

### III. DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); <u>see also</u> <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980); <u>see also</u> <u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).

In the R&R, the Magistrate Judge found that the Defendant was entitled to partial summary judgment because Plaintiff's retaliation claims, as to the misconduct reports, failed as a matter of law. Plaintiff objects to this finding and argues that the "some evidence" standard was not met by the Defendant, because the Hearing Examiner based his findings solely on

Defendant's allegations in the misconduct reports, contrary to due process requirements.

If a plaintiff states a prima facie claim of retaliation, the burden then shifts to the defendant to prove that he or she "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001). "[A] finding of guilt in a prison disciplinary proceeding may well be sufficient in certain circumstances to satisfy the [defendant's] burden, see e.g., Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002) ('Given the quantum of evidence of Carter's misconduct, we cannot say that the prison officials' decision to discipline Carter for his violations of prison policy was not within the 'broad discretion' that we must afford them.'); Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (concluding that, because the finding of guilt in the inmate's disciplinary hearing was based on 'some evidence,' that finding 'essentially checkmates his retaliation claim') . . . ." Bond v. Horne, 553 F. App'x 219, 223-24 (3d Cir. 2014).

Here, since Plaintiff was found guilty of the misconducts, the Magistrate Judge found that Defendant met his burden. We disagree that a guilty finding is enough to satisfy the Defendant's burden in this case, and we find that a dispute of material fact exists as to whether the guilty findings of the misconducts were based on "some evidence." While the record contains the misconduct reports and a list of Plaintiff's misconducts, it fails to refute Plaintiff's assertion that the guilty findings were based solely on the face of Defendant's allegations in the misconduct reports, contrary to the due process requirements as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). Defendant did not provide the Court with the evidence relied upon by the Hearing Examiner, to meet the "some evidence" standard. Instead, Defendant argues that a guilty finding

is enough to meet the "some evidence" standard, and only provides the misconduct reports and a list of all of Plaintiff's misconducts, which show that the guilty finding was upheld throughout the appellate grievance process. Defendant does not provide the Court with the actual appellate grievance findings to support the burden of showing that the same decision would have been made for a "reason reasonably related to a legitimate penological interest." Therefore, since there are disputed material facts, we will deny Defendant's summary judgment as to Plaintiff's retaliation claim related to the disciplinary misconducts.

Plaintiff next objects to certain findings of fact made by the Magistrate Judge, with respect to Plaintiff's Eighth Amendment and retaliation claims relating to the deprivation of food. The Magistrate Judge found disputed issues of material fact, and recommended that the cross motions for summary judgment be denied as to these claims. We will leave the resolution of disputed facts to the factfinder at the time of trial.

## IV. CONCLUSION

For the reasons set forth above, we will adopt in part, and decline to adopt in part, the Report and Recommendation of the Magistrate Judge. We will deny the cross motions for summary judgment. An appropriate order is attached.