UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I-KIEM SMITH, | : |
| Plaintiff, | : |
| | : Civil Action No. 3:13-CV-771 |
| v. | : |
| | : (Judge Kosik) |
| NICK WILSON, | : |
| Defendant. | : |

FILED
SCRANTON
OCT - 6 2014
PER
DEPUTY CLERK

## MEMORANDUM

Before this court is Plaintiff's Motion for Appointment of Counsel (Doc. 67). For the reasons which follow, the Motion for Appointment of Counsel will be denied.

### I. Background

Plaintiff brought this claim *pro se*, pursuant to 42 U.S.C. § 1983, on March 26, 2013 (Doc. 1). Plaintiff claims that Defendant retaliated against him after Plaintiff lodged a verbal complaint against the Defendant, on December 27, 2012. Plaintiff claims that in retaliation, Defendant filed three misconduct reports in January and February 2013, and withheld 15 or 16 meals in a 27 day period, in violation of the Eighth Amendment.

On September 15, 2014, this Court filed a Memorandum and Order (Docs. 58 and 59), addressing cross motions for summary judgment filed in this case. Specifically, this court found that genuine issues of material fact existed as to Plaintiff's retaliation claim, relating to disciplinary misconducts, and as to Plaintiff's Eighth Amendment and retaliation claims, relating to the deprivation of food. Thus, the cross motions for summary judgment were denied.

Since the filing of our Memorandum and Order, the court has granted Defendants' Motion for Leave to Depose Plaintiff (Docs. 60 and 65). The court is awaiting Pre-Trial Statements from the parties.

On October 2, 2014, Plaintiff filed a Motion for Appointment of Counsel (Doc. 67). In his Motion, Plaintiff asserts that he is unable to afford counsel, that a trial has been ordered, that the case will likely involve conflicting testimony, and that counsel would better enable Plaintiff to present evidence and decisive cross-examination of witnesses.

## II. Discussion

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, and because cross motions for summary judgment have been denied, the court will assume that the case has arguable merit in law and fact.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;
2. The difficulty of the particular legal issues;

    3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

    4. The plaintiff's capacity to retain counsel on his or her own behalf;

    5. The extent to which a case is likely to turn on credibility determinations; and

    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

    Plaintiff fails to set forth any special circumstances or factors that would warrant the appointment of counsel. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case, as well as the motions, briefs and other documents, are clearly written. The legal issues which remain in this case are not overly complicated and nothing in the record reveals that Plaintiff does not have the ability to litigate this action on his own. Plaintiff is clearly literate, as evidenced by his filings with the court; and, while it is true that he is incarcerated, he appears able to litigate this action without the aid of counsel. The issues remaining in this case are straightforward, and as Plaintiff has demonstrated in both filing and opposing summary judgment motions, he is clearly able to present and explain the basis of his action.

    We find that Plaintiff's apparent ability to litigate this action on his own weighs against the appointment of counsel. As such, Plaintiff's request for appointment of counsel will be denied.